UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| LANTECH.COM, L.L.C.<br>d/b/a Lantech, Inc. | ) | Civil Action No. 3:09-MC-15-C |
| | ) | |
| Plaintiff | ) | |
| | ) | **TEMPORARY RESTRAINING** |
| v. | ) | **ORDER** |
| | ) | |
| I. ALDEN SWARTZ | ) | |
| | ) | |
| Defendant | ) | |

Motion having been made by Plaintiff Lantech.com, L.L.C. for a temporary restraining order against Defendant I. Alden Swartz pursuant to Fed. R. Civ. P. 65(b), and the Court being sufficiently advised, finds as follows:

- having considered the motion, memorandum and the documents attached thereto by Lantech, Defendant Swartz and all persons or entities in active concert or participating with him, should be restrained and enjoined from engaging in the activities set forth below;

- having considered the motion, memorandum and the documents attached thereto by Lantech, immediate and irreparable injury, loss or damage will be sustained by Lantech if a Temporary Restraining Order is not issued; and

- the rights of Lantech with respect to its property, proprietary and confidential information, competitive balance, and contracts with Swartz are being violated and Swartz must be immediately restrained.

Consequently, the Court ORDERS AND ADJUDGES that Swartz and all persons acting in concert with him, including but not limited to Unisource, shall immediately refrain from:

(a) directly or indirectly entering into the employ of, or render any services to, or act in concert with, any corporation, including but not limited to Unisource, that is engaged in the business of designing, manufacturing, selling, or distributing stretch wrapping or stretch bundling equipment, shrink equipment, case equipment, or any other product manufactured or under research or development by Lantech;

(b) engaging in any such competitive business or render any such service on Swartz's own account to such business, including Unisource, including any attempt to sell any stretch wrapping or stretch bundling equipment, shrink equipment, or case equipment or any other product manufactured or under research or development by Lantech;

(c) becoming interested in any such competitive business or service, directly or indirectly, as an employee or in any relationship or capacity;

(d) soliciting any business from any client or prospect of Lantech;

(e) altering, using, destroying, disclosing, or transmitting information contained in any record of Lantech, including Lantech's confidential and proprietary information, trade secrets, strategic plans, know-how, inventions, improvements, patents, pricing information and programs, marketing plans and programs, financial goals, growth and sales plans, commission structures, methods of operation, other strategic information, sales assistance and plans, pricing and new product strategy, development of new products, technical and marketing information, new product pricing and rollouts, and the names, addresses, and information of Lantech or its clients and customers; and

(f) aiding, abetting, or inducing any other person or entity to do the above acts.

The Court further ORDERS AND ADJUDGES that Swartz shall immediately return to Lantech all records that he may have taken that relate to Lantech, its confidential and proprietary information, trade secrets, strategic plans, know-how, inventions, improvements, patents, pricing information and programs, marketing plans and programs, financial goals, growth and sales plans, commission structures, methods of operation, other strategic information, sales assistance and plans, pricing and new product strategy,

2

development of new products, technical and marketing information, new product pricing and rollouts, and the names, addresses, and information of Lantech or its clients and customers.

The Court further ORDERS AND ADJUDGES that this Order shall be effective as of __2:35 p.m.__ on June 5, 2009, and shall remain in effect for a period not to exceed 10 days from the date of the Order, or until such time as the Court hears a motion for preliminary injunction or extends the period for good cause or Swartz consents to a longer extension.

The Court further ORDERS AND ADJUDGES that security in the amount of $ __3,000.00__ be posted by Plainitff no later than __12:00 p.m. (Noon)__ on June 5, 2009.

Date: __6/5/09__                    __Jennifer B. Coffman__
                                    Judge, United States District Court

Serve:

John S. Reed                         I. Alden Swartz
Michael W. Oyler                     2908 Stony Mill Court
REED WEITKAMP SCHELL & VICE PLLC     Charlestown, Indiana 47111
500 West Jefferson Street, Suite 2400
Louisville, Kentucky 40202
(502) 589-1000
Counsel for Plaintiff

3